J-S64012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL GEORGE FREDERICK | |
| Appellant | No. 557 EDA 2016 |

Appeal from the PCRA Order January 20, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0000311-2009

BEFORE: STABILE, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 08, 2016**

Appellant, Paul George Frederick, appeals *pro se* from the January 20, 2016 order entered in the Court of Common Pleas of Chester County ("PCRA court") dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background of this matter as follows.

> On July 9, 2010, [Appellant] pled guilty to two (2) counts of Involuntary Deviate Sexual Intercourse [(IDSI)] and two counts of Endangering the Welfare of a Child [(EWOC)]. Sentencing was deferred until an evaluation of [Appellant] could be completed by the State Sexual Offender Assessment Board. Another hearing was held on

---

[*] Former Justice specially assigned to the Superior Court.

October 1, 2010, during which [Appellant] was found to be a sexually violent predator, and he was sentenced to 5 to 10 years incarceration.

[Appellant] filed his PCRA [p]etition on August 4, 2015. [Appellant was appointed counsel on August 10, 2015. Counsel filed a petition for leave to withdraw pursuant to **Turner/Finley**[1] on September 14, 2015.] On November 2, 2015, the [PCRA] court entered an [o]rder giving [Appellant] notice of intent to dismiss the [p]etition without a hearing. The [p]etition was ultimately dismissed by [o]rder dated January 20, 2016. [Appellant] now appeals the dismissal of his PCRA [p]etition.

[Appellant] filed his [n]otice of [a]ppeal on February 12, 2016. On February 18, 2016, [Appellant] was ordered to file a [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal, which we[re] received on March 10, 2016.

PCRA Court Opinion, 3/17/16, at 1-2.

Before this Court addresses the merits of Appellant's issues,[2] we must determine whether this Court can entertain Appellant's appeal. Appellant

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[2] Appellant raised the following issues on appeal:

    I.    Did the [PCRA court] err in denying the [PCRA] [p]etition without a hearing by misapprehending the retrospective application in **Commonwealth v. Hopkins**, 117 A.3d 247 (2015) when it's paradigm, **Alleyne v. United States**, 133 S.Ct. 2151 (2013) created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

    II.    Did the [PCRA] [c]ourt err in denying the [PCRA] [p]etition without a hearing when [Appellant] filed the instant [PCRA] [p]etition timely by filing within sixty (60) days of learning fo the

*(Footnote Continued Next Page)*

- 2 -

argues his petition qualifies for the timeliness exception set forth in § 9545(b)(1)(iii) because of our Supreme Court's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). Appellant's Brief at 9.

The PCRA's jurisdictional timeliness provision requires that a petitioner must file a petition within one year of the date on which his judgment of sentence becomes final, or plead and prove the applicability of one of the three statutory exceptions to the one-year time bar. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Failure to do so deprives the PCRA court of jurisdiction to entertain the petition. **Id.**

Appellant's PCRA petition is facially untimely. Appellant was sentenced on October 1, 2010, and did not file a direct appeal. His judgment became final on November 1, 2010, and his time to file a PCRA petition expired on November 1, 2011. Appellant argues that that his petition is timely in light of the new constitutional rules announced in **Alleyne v. United States**, 133

*(Footnote Continued)* —————————

Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (2015)?

III. Did the [PCRA] [c]ourt err in denying the [PCRA] [p]etition without a hearing when [Appellant] contends through the Court's inherent power, the [PCRA] [c]ourt always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

S. Ct. 2151 (2013), *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Appellant's argument is fatally flawed because *Alleyne* and its progeny do not apply retroactively to cases pending on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). As a result, Appellant's petition does not satisfy the new constitutional right exception to the PCRA.

Furthermore, we need not address Appellant's retroactivity argument under *Montgomery*, because Appellant did not receive a mandatory minimum sentence.[3] As noted above, Appellant received a five year minimum sentence as the Commonwealth waived the ten year mandatory minimum sentence. *See* Sentencing Order, 10/1/10, at 1. We therefore affirm the PCRA court's order.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016

_____

[3] Under § 9718 of the judiciary code, certain IDSI convictions carry a ten-year mandatory minimum sentence. 42 Pa.C.S.A. § 9718. That section is unconstitutional under *Alleyne*. *Commonwealth v. Wolfe*, 140 A.3d 651, 653 2016 WL 3388530 (Pa. 2016).